**Tommy TRENT, Jr., Plaintiff,**

v.

**AT & T TECHNOLOGIES, INC., Defendant.**

No. 1:87–CV–1313–RHH.

United States District Court, N.D. Georgia, Atlanta Division.

March 4, 1989.

Fredrick C. McLam, High House Law Offices, Decatur, Ga., for plaintiff.

John F. Wymer, III, C. Geoffrey Weirich, Paul Hastings Janofsky & Walker, Atlanta, Ga., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This age discrimination case was tried in this court before a jury on January 17 and 18, 1989. The jury found for the plaintiff in the amount of $6,711.00. The case is now before the court on Defendant's motion for Judgment Notwithstanding the Verdict (JNOV) or in the alternative for a new trial.

This action was brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634, and alleged that Defendant failed to promote plaintiff to the position of department chief at AT & T because of his age. The jury found that Plaintiff's age was a determining factor in the defendant's decision not to promote Plaintiff, but found that the decision was not willful discrimination. Defendant has asked for JNOV or alternatively for a new trial on basically three grounds: 1) that the verdict was against the great weight of the evidence, 2) that the evidence was insufficient for the jury's finding and 3) that the verdict represented a "compromise".

## DISCUSSION

The trial in this case proceeded under the *McDonnell Douglas* standard of proof. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff initially presented a *prima facie* case of age discrimination; the burden then shifted to AT & T to present a nondiscriminatory reason for the employment action. AT & T asserted at trial that they failed to promote Plaintiff and promoted a younger individual because Trent was not the most qualified person for the position. Plaintiff then had the burden of proving by a preponderance of the evidence that age was a determining factor in the defendant's decision not to promote him. Neither party has objected to the charge given to the jury which utilized this burden shifting analysis. Additionally the jury was charged that if an employer violated the ADEA, and the plaintiff proves that the employer acted willfully, the plaintiff is entitled to an additional sum of damages to be awarded by the court. The jury returned a special verdict form which found: 1) the plaintiff's age was a determining factor in the defendant's decision not to promote Plaintiff to department chief, 2) the plaintiff lost $6,711 as a result of Defendant's decision, and 3) Defendant's decision not to promote Plaintiff because of his age was not willful.

## I. Evidence Doesn't Support the Verdict

### A. *New Trial*

■ Defendant has argued that the jury's verdict is against the great weight of the evidence. In order to assure that the trial judge does not simply substitute his or her judgment for that of the jury, "new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Hewitt v. B.F. Goodrich*, 732 F.2d 1554, 1556 (11th Cir.1984); quoting, *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir.1980). The trial judge's discretion to set aside a jury verdict based on the great weight of the evidence is very narrow. *Hewitt*, 732 F.2d at 1559.

■ Initially, Plaintiff clearly proved a *prima facie* case of discrimination under the *McDonnell Douglas* standards (Plaintiff was between 40 and 70 years old, 2) Plaintiff was denied a promotion, 3) Plaintiff was qualified for the position he was denied, and 4) a younger person was given the promotion in his stead). *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). AT & T presented evidence that Dr. Huggins, who was given the promotion over Mr. Trent, was more qualified for the position. Mr. Trent submitted evidence to the jury that AT & T's proffered rationale for selecting Dr. Huggins was a mere pretext for discrimination. Mr. Trent introduced evidence 1) of a pattern of promotion of younger employees at AT & T, 2) of Mr. Trent's strong qualifications and experience in the very position available, 3) of Trent's good performance appraisals until the time he was surplused[1], 4) of a policy of returning surplused employees to their former positions that was not followed in his case, and 5) of a policy at AT & T's Atlanta Works of discriminating on the basis of age. The court will not catalog all the evidence presented at trial, but finds it sufficient to support the jury's verdict and award of damages, and not against the great weight of the evidence. Though the evidence in plaintiff's favor was by no means overwhelming, this court must defer to the jury's determination of factual issues in order to preserve a litigant's right to a trial by jury if the jury's decision is based on evidence properly before it and results in no manifest injustice. *Hewitt v. B.F. Goodrich*, 732 F.2d at 1559.

### B. *JNOV*

■ The Eleventh Circuit's standard for granting a judgment notwithstanding the verdict is "[if], considering the evidence in the light most favorable to the non-moving party, the evidence so strongly points in favor of one party that reasonable men could not reach a contrary verdict" then the verdict should be overturned. *Iervolino v. Delta Airlines, Inc.*, 796 F.2d 1408, 1419 (11th Cir.1986) cert. denied, 479 U.S. 1090, 107 S.Ct. 1300, 94 L.Ed.2d 155 (1987). As defendant has not met the burden of proof required for a motion for a new trial, the court finds that they have not satisfied the more stringent test for the granting of a JNOV.

## II. Compromise Verdict

Defendant also asserts that the jury's verdict represented a compromise and, therefore, cannot stand. *Lucas v. American Manufacturing Co.*, 630 F.2d 291 (5th Cir.1980). Defendant's argument centers upon the jury's finding that Defendant violated the ADEA but that its conduct was not willful. This case raises difficult issues about Congressional intent in creating two tier liability under the ADEA. Title 29 U.S.C. § 623 establishes the first tier of liability under the ADEA and provides:

> It shall be unlawful for an employer—
> (1) to fail or refuse to hire or to discharge any individual or otherwise dis-

---

1. According to the testimony at trial, when an individual was demoted or his or her job was eliminated through no fault of the employee, the employee was put on "surplus status". A "surplus" employee was given first consideration for jobs that opened up at the company for which they were qualified. There was conflicting testimony regarding whether an individual remained on surplus status until he was restored to his former level of employment or just until he was placed in a new position. Trans. p. 27.

criminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age; ...

Section 626(b) provides the second tier of liability subjecting an employer to liquidated damages for *willful* violations of the Act. The Supreme Court laid out the standard for assessing if a violation is willful in *Transworld Airlines Inc. v. Thurston*, 469 U.S. 111, 126, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985).

■ An ADEA violation is willful if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." *Id.* at 126, 105 S.Ct. at 624. The Court in *Thurston* recognized Congress's intent to maintain a two tier liability scheme under the ADEA. Unlike the FSLA where liquidated damages are mandatory, in ADEA cases liquidated damages are punitive in nature and require more than a mere violation of the underlying statute. *Id.* at 125, 105 S.Ct. at 623. Though the Supreme Court in *Thurston* tightened the liquidated damages standard in order to avoid imposing them in every case,[2] the Court refused to require evil motive, bad purpose or intent to violate the ADEA. *Id.* at 126 n. 19, 105 S.Ct. at 624 n. 19. The *Thurston* case was a disparate impact case which involved TWA's implementation of a policy that had an adverse effect on older employees. While the "knew or showed reckless disregard" standard is relatively easy to apply in disparate impact cases, courts have much greater difficulty applying the willfulness standard of *Thurston* in disparate treatment cases that involve discrete employment decisions directed at particular individuals. *Dreyer v. Arco*, 801 F.2d 651 (3rd Cir.1986).

■ In an ADEA disparate treatment case, the plaintiff bears the ultimate burden of proving that age was a determinative factor in the employer's decision, though it need not have been the sole factor. *Rollins v. TechSouth, Inc.*, 833

F.2d 1525, 1528 (11th Cir.1987); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. This standard does not in itself require a finding of intentional discrimination. However, relying on Title VII cases courts seem to have equated a finding that age was a determining factor with a finding that the employer intentionally discriminated. *Burlew v. Eaton Corp.*, 869 F.2d 1063 (7th Cir., 1989). Courts are struggling with the holding in *Thurston* that there is a real difference between intentional discrimination and willful discrimination. *Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094 (11th Cir.1987). Most Circuits have now addressed the difficulty this creates in the structure of ADEA liability. In discussing the frustration the Circuit Courts are experiencing in trying to follow the mandate in *Thurston*, the Eleventh Circuit said, "[t]here is no logical way to square a finding of intentional discrimination with a finding of good faith on the employer's part." *Id.* at 1100.

The Congress, the Supreme Court and the 11th Circuit have expressed a clear intent to maintain a two tier system of liability under the ADEA. In *Lindsey* the 11th Circuit "hesitate[d] to hold that every plaintiff who wins in the liability phase of a *McDonnell Douglas* age discrimination case should automatically receive liquidated damages." *Id.* However, with no real signal from the Supreme Court as to how to keep the violation and the willfulness from collapsing into one another the Courts are devising their own systems while trying to remain true to the dictate of *Thurston*.

Some circuits have responded to the difficulty by adopting a different standard for a willful violation of the ADEA in disparate treatment cases. The Third Circuit has sought to distinguish between intentional and willful violations by focusing on the punitive nature of liquidated damages in ADEA cases. *Dreyer v. Arco*, 801 F.2d

---

**2.** The Court rejected a standard that would have held an employer liable for liquidated damages if it discriminated on the basis of age and knew that the Age Discrimination in Employment Act was "in the picture". Under the "knew or showed reckless disregard" standard the court requires that the employer be aware that its conduct could violate the ADEA.

651 (3rd Cir.1986). The court in Dreyer said:

> There is danger that use of the "knew or reckless disregard" standard for a discrete employment decision that has been made on the basis of age would in effect allow the recovery of liquidated damages anytime there was a violation of the act. However, it is clear from *Thurston* that the Supreme Court rejected such an interpretation. [citation omitted] ... Congress intended a two tier liability scheme. Therefore we must interpret the liquidated damages provision in a manner that effectuates this intent.

801 F.2d at 657. The Court looked to the Restatement of Torts § 908 and determined that the essence of punitive damages is that they be awarded for conduct that is "outrageous". *Id.* Thus the Third Circuit modified the *Thurston* standard to require that when an individual employee brings a disparate treatment case, "there must be some additional evidence of outrageous conduct" to show a willful violation. *Id.* at 658.

The Tenth Circuit has also modified the *Thurston* standard to require more than "knew or showed reckless disregard" in disparate treatment cases. *Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544 (10th Cir.1988). In *Cooper* the court held that the Third Circuit went too far in *Dreyer* by requiring outrageous conduct when *Thurston* had specifically rejected an evil motive requirement. The Tenth Circuit, recognizing both Congressional intent and the Supreme Court's mandate to maintain two tiers of liability, required a fact finder to find that age was not only a determinative factor but also the predominant factor in an employer's decision in order for a willful violation to exist. *Cooper*, 836 F.2d at 1551. The Sixth Circuit has recently adopted the predominant factor test utilized in *Cooper*. *Schrand v. Federal Pacific Electric Co.*, 851 F.2d 152 (6th Cir. 1988).

Other circuits, while relying on the *Thurston* standard, seem to be requiring something more than intentional conduct to create a willful violation. See, *Bethea v. Levi Strauss & Co.*, 827 F.2d 355 (8th Cir.1987) (States only that willfulness was not established because the plaintiff did not prove *more* than a violation of the ADEA); *Gilliam v. Armtex, Inc.*, 820 F.2d 1387 (4th Cir.1987) (The finding of a jury that there was a violation of the statute does not obviate consideration of the defendant's business justification defense).

Finally, the Seventh Circuit has held that upon instruction to the jury that a violation of the ADEA requires intentional discrimination, a finding that the defendant is guilty of violating the ADEA and that its conduct was not willful is inconsistent and must be overturned. *Burlew v. Eaton Corp.*, 869 F.2d 1063 (7th Cir.1989).

This court is, of course, bound by the 11th Circuit's holding in *Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, and by the dictates of *Thurston*. *Lindsey* held that on the facts of that case a judge could not have found the defendant not guilty of a willful violation after the jury had returned a verdict finding the defendant had violated the ADEA. The court expressly reserved comment on a situation such as the one at bar where a jury declined to find willfulness after finding intentional discrimination. *Lindsey*, 810 F.2d at 1100.

█ This court holds that it is within the province of the jury, if properly instructed, to find non-willful discrimination. Age discrimination may arise from an unconscious application of stereotypic notions of ability rather than from a deliberate desire to remove older employees from the workforce. *Syvock v. Milwaukee Boiler Manufacturing Co.*, 665 F.2d 149, 154–155 (7th Cir.1981), overruled in part by *Coston v. Plitt Theaters, Inc.*, 860 F.2d 834 (7th Cir. 1988). Stereotyped assumptions are often hard to detect because they are so intimately related to other judgments about employment. A jury could find that an employer intentionally discriminated even though, with full knowledge of the law, he did not do so willfully or in reckless disregard for the dictates of the law.

The jury in this case was instructed that it should find for the plaintiff if age was a

determining factor in the employment decision in question. Trial Transcript, p. 134. They were instructed that they were to decide if the defendant intentionally discriminated against plaintiff because of his age. *Id.* They were also instructed to decide if the employer's conduct was willful, i.e., if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA. *Id.* at 135.

The jury was instructed correctly under prevailing ADEA law and under the command of *Thurston.* In Concurrence to the 11th Circuit's opinion in *Spanier v. Morrison's Management Services, Inc.,* 822 F.2d 975, 982 (11th Cir.1987) (Lynne, J., Senior District Judge concurring), Judge Lynne wrote:

> [T]he plaintiff employee bears the burden of satisfying the fact finder by a preponderance of the evidence that in terminating or demoting him or her the defendant employer acted in reckless disregard of the requirements of the ADEA in order to recover liquidated damages.
>
> Unfortunately, it is manifestly impossible to formulate for the guidance of the lower courts a suggestion as to what evidence, qualitatively or quantitatively, will satisfy the *Thurston* standard. That is a familiar task for the Court on a case by case basis.

822 F.2d at 982.

This court finds that the jury's determination that defendant acted intentionally, in that age was a determining factor, but did not act willfully, i.e., in reckless disregard of the requirements of the ADEA, should stand. Nebulous questions of motivation and intent are best left in the hands of the finder of fact in claims involving employment discrimination. *Grigsby v. Reynolds Metals Co.,* 821 F.2d 590, 595 (11th Cir.1987). Therefore, the jury's verdict was not fatally inconsistent.

## CONCLUSION

For the reasons set forth above, Defendant's motion for Judgment Notwithstanding the Verdict or in the alternative for a new trial is DENIED.

So ORDERED.