**Sarah FORMBY, Plaintiff–Appellee,**

v.

**FARMERS AND MERCHANTS BANK, Defendant–Appellant.**

**Nos. 88–7466, 88–7467 and 88–7617.**

United States Court of Appeals, Eleventh Circuit.

June 28, 1990.

J. Michael Cooper, Birmingham, Ala., Albert L. Shumaker, Burns, Shumaker & Burns, Centre, Ala., for defendant-appellant.

Donald R. Rhea, Clarence F. Rhea, Rhea, Boyd & Rhea, Gadsden, Ala., for plaintiff-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is the second appeal to this court by defendant Farmers & Merchants Bank ("the Bank"), challenging its liability to Sarah Formby for engaging in age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34. In its first appeal, the Bank challenged a jury determination that the Bank had intentionally discriminated against Formby because of her age. A panel of this court affirmed without opinion the jury's verdict and award of $19,-400.00 in back pay. *Formby v. Farmers & Merchants Bank*, 832 F.2d 1266 (11th Cir. 1987) (table), *cert. denied*, 486 U.S. 1023, 108 S.Ct. 1997, 100 L.Ed.2d 229 (1988).

In this appeal, the Bank challenges the relief obtained by Formby. In particular, the Bank argues that the district court erred in ordering the Bank to reinstate Formby and in awarding Formby liquidated damages and attorneys' fees. The Bank also contends that even if the award of attorneys' fees were proper, the district court erred by awarding a double enhancement of attorneys' fees.[1]

For the reasons that follow, we affirm.

---

1. The appeal in this case consists of three consolidated appeals. The first appeal, No. 88–7466, is from the district court's interim award of back pay to Formby. The second appeal, No. 88–7467, is from the district court's July 18, 1988, award of attorneys' fees. The district court certified both of these orders as judgments pursuant to Fed.R.Civ.P. 54(b). The third appeal, No. 88–7617, is from the district court's final judgment in this case. In this judgment, the district court ordered the defendant to reinstate the plaintiff and awarded the plaintiff (1)

## I.

◼ The Bank argues that the district court erroneously awarded relief in addition to the $19,400 jury award for back pay. The Bank's contention is that there was a final judgment awarding only the $19,400, and that Formby did not file a timely motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) or otherwise seek in a timely manner to add the additional relief to the final judgment. We reject the Bank's argument because there was no final judgment at the time suggested by the Bank, i.e., before the first appeal.

The district court explicitly stated on the record its intention to award liquidated damages at twice the amount of the jury verdict. Record Vol. 2 at 157. However, the only filing in the district court's records reflecting a judgment was the clerk's court minutes memorializing the jury verdict. The minutes indicated that the jury had found in favor of the plaintiff Sarah Formby and had awarded Formby damages of $19,400. The clerk's court minutes did not, however, reflect the trial judge's oral determination that the plaintiff was entitled to receive liquidated damages. Thus, at the time of the first appeal, there was no court order or other document in the court's records which memorialized the district court's oral pronouncement that the plaintiff was entitled to receive liquidated damages at twice the amount of the jury verdict. The law is clear that a clerk of the court's minute entry of a jury verdict does not constitute a final judgment, when, as here, that verdict does not encompass the full relief to which a party may be entitled. *United States v. Indrelunas,* 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973) (per

curiam). *See also Bankers Trust Co. v. Mallis,* 435 U.S. 381, 384–85, 98 S.Ct. 1117, 1119–20, 55 L.Ed.2d 357 (1978) (per curiam). Until the court entered a judgment embodying that intention, it cannot be said that the court had rendered a final decision as to the plaintiff's entitlement to liquidated damages. *See Pure Oil Co. v. Boyne,* 370 F.2d 121, 122–23 (5th Cir.1966).[2] *See also Jones v. Celotex Corp.,* 857 F.2d 273, 275 (5th Cir.1988); *Wood v. Coast Frame Supply,* 779 F.2d 1441, 1442–43 (9th Cir.), *as amended,* 791 F.2d 802 (9th Cir.1986).

◼ Moreover, Formby's requested remedy of reinstatement still remained outstanding and unresolved.[3] In both her complaint and pretrial order, Formby explicitly sought reinstatement in addition to the other relief mentioned above. The clerk's court minutes in the record at the time of the first appeal made no mention as to whether this relief had been granted or denied. Because the district court had not yet determined Formby's entitlement to reinstatement, it cannot be said that there was a final judgment at the time of the Bank's first appeal. A final judgment "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (quoting *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). *See also Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976) (district court determination of liability in Title VII case not a final, appealable judgment

---

the remainder of the back pay to which she was entitled, (2) liquidated damages, (3) prejudgment interest, and (4) supplemental attorneys' fees.

Unless specified otherwise throughout this opinion, we will generally discuss the appeal in terms of the total relief awarded by the district court rather than by referencing the various awards of relief.

**2.** This case was decided prior to the close of business on September 30, 1981, and is binding precedent under *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).

**3.** The fact that plaintiff's request for attorneys' fees remained outstanding is irrelevant to the issue as to whether a final judgment had been entered. *See Taylor v. Texgas Corp.,* 831 F.2d 255, 258 (11th Cir.1987) (awards of attorneys' fees in ADEA cases are collateral to decision on the merits). *See generally Budinich v. Becton Dickinson and Co.,* 486 U.S. 196, 108 S.Ct. 1717, 1721, 100 L.Ed.2d 178 (1988) (holding that existence of outstanding claims for attorneys' fees do not affect determination whether district court entered a "final decision" for purposes of 28 U.S.C. § 1291).

where several of the plaintiff's prayers for relief remain open for determination); *Richerson v. Jones*, 551 F.2d 918, 921 (3rd Cir.1977) (order in employment discrimination case in which district court stated "judgment is rendered for plaintiff and against defendant" but did not dispose of claims for retroactive promotion, back pay, and punitive damages was not final, appealable order).

■ For the foregoing reasons we reject the Bank's argument that the district court erroneously awarded relief in addition to the $19,400 jury verdict for back pay.[4]

## II.

The Bank's challenges to the district court's award of liquidated damages to Formby are equally without merit. Under section 7(b) of the ADEA, 29 U.S.C. § 626(b), an employee is entitled to receive liquidated damages when an employer "willfully" violates the ADEA. Upon proof of an employer's willful violation of the Act, the employee is entitled to receive double damages.

Congress intended the award of liquidated damages to serve as a means of punishing offending employers. *Trans World Airlines v. Thurston*, 469 U.S. 111, 125, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985). Consequently, an employee's entitlement to liquidated damages is not determined by examining the injury suffered by the employee; rather, it is determined by looking to conduct of the employer who is guilty of discrimination. By establishing a standard requiring proof of "willful" misconduct, Congress created a two-tiered liability scheme: one designed solely to ensure the proper compensation for individuals whose rights under the ADEA are violated and a second devised to punish employers whose conduct constitutes a willful violation of the ADEA's proscriptions. *Thurston*, 469 U.S. at 128 n. 22, 105 S.Ct. at 625 n. 22.

■ To ensure that a separation exists between these two forms of liability, we have recognized that a showing that an employer engaged in intentional age discrimination does not automatically entitle a plaintiff to receive liquidated damages. *Stanfield v. Answering Service, Inc.*, 867 F.2d 1290, 1296 (11th Cir.1989). The precise contours of the separation between a violation of the ADEA and a willful violation of the ADEA are, however, somewhat difficult to delineate. A mere showing that an employer knew of the potential applicability of the ADEA, *Thurston*, 469 U.S. at 129–30, 105 S.Ct. at 625, or that an employer acted negligently in determining whether its conduct comports with the requirements of the ADEA, *see McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 1681, 1682 & n. 13, 100 L.Ed.2d 115 (1988), is not sufficient to warrant the imposition of liquidated damages. At the same time, sufficient evidence to satisfy this standard does not require proof that the employer acted with an evil motive, bad purpose, or intent to violate the ADEA. *Thurston*, 469 U.S. at 126 n. 19, 105 S.Ct. at 624 n. 19; *Lindsey v. American Cast Iron Pipe Co.*, 810 F.2d 1094, 1099 (11th Cir.1987).

---

**4.** We similarly reject as frivolous the Bank's claim that Formby waived her right to receive relief other than that awarded by the jury because she did not argue during the pendency of the Bank's first appeal that no final judgment had yet been rendered. According to the Bank, Formby's failure to raise this argument should be construed as acquiescence in the jury verdict representing the total relief to which she was entitled. Consequently, the Bank concludes, she is now estopped from claiming entitlement to any relief other than the $19,400 awarded by the jury.

In her brief during the first appeal, Formby clearly indicated to this court that she would be pursuing the additional relief requested from the district court upon affirmation of the jury's verdict. *See* Brief for Appellee 6, *Formby v. Farmers & Merchants Bank*, 832 F.2d 1266 (11th Cir.1987) (No. 87–7193). Although it would have been appropriate for her to challenge the Bank's appeal as being premature, her failure to do so is not fatal to her current claims of entitlement to relief. The Bank sought to invoke appellate review prematurely on the first appeal; we refuse to allow the Bank to capitalize on its own erroneous actions simply because the prior panel did not notice the error.

■ In *Thurston,* the Supreme Court suggested that to prove entitlement to liquidated damages a plaintiff must establish that the employer knew its conduct was prohibited or showed reckless disregard for whether its conduct was prohibited by the Act. In several cases decided subsequent to *Thurston,* this court has adopted this standard. *See, e.g., Verbraeken v. Westinghouse Electric Corp.,* 881 F.2d 1041, 1048 (11th Cir.1989), *cert. dismissed,* —— U.S. ——, 110 S.Ct. 884, 107 L.Ed.2d 1012 (1990); *Stanfield,* 867 F.2d at 1296; *Castle v. Sangamo Weston, Inc.,* 837 F.2d 1550, 1561 (11th Cir.1988); *Spanier v. Morrison's Management Services,* 822 F.2d 975, 978 (11th Cir.1987); *Lindsey,* 810 F.2d at 1099–1101.

Looking to the district court's oral and written findings of fact in support of its conclusion that the Bank's actions constituted a willful violation of the ADEA, we conclude that the district court correctly applied this standard to the facts presented in the case. The jury found that the Bank, through its president, Eugene Rutledge, discriminated against Formby because of her age by discharging her and later failing to recall her. In so concluding, the jury rejected as pretextual the Bank's explanations that its decisions to discharge and not recall or transfer the plaintiff were premised upon legitimate business reasons or subjective business judgments.[5] The district court also found that Rutledge, a practicing attorney, was aware that the ADEA prohibited discrimination on the basis of age at the time that he discharged Formby because of her age.[6] As we have previously noted in *Lindsey v. American Cast Iron Pipe Co.,* the combination of these two facts "satisfy the strictest prong of the *Thurston* willfulness standard: the employer *knew* that its conduct violated the ADEA." 810 F.2d at 1099 (emphasis in original). Applying a clearly erroneous standard of review to the district court's determination of willfulness, we uphold the district court's conclusion that the Bank's conduct constituted a willful violation of the ADEA.[7]

■ The Bank also argues that the district court erred in deciding that Formby was entitled to liquidated damages without submitting the issue to the jury. In two cases decided subsequent to the trial in this matter, we have explicitly recognized that the determination of whether a violation of the ADEA was willful is a determination of fact, *Stanfield,* 867 F.2d at 1296, to which a party, *upon giving proper notice,* is entitled to have a jury decide the plaintiff's entitlement to liquidated damages. *Lindsey,* 810 F.2d at 1097 & n. 3.

Although a party may possess the right to have a jury decide factual issues, a party may also waive or forfeit that right. C. Wright & A. Miller, 9 Federal Practice & Procedure: Civil § 2321, at 102 (1971 & Supp.1990). Having carefully reviewed the record, we are convinced that the defendant did just that in this case. During the charge conference, the issue arose as to whether resolution of the issue of willfulness should be decided by the jury or the court. When asked directly by the trial judge whether the jury or the court should determine willfulness, defendant's counsel indicated no preference to the court.[8]

THE COURT: ... I made these remarks as a prelude to asking you what is your position on whether the jury has to find willfulness or whether the Court has to find? If the jury has to find willfulness, then I have got to, in addition to providing space for the jury to return a verdict for compensatory damages, I have also got to ask the jury whether the violation was willful.
[PLAINTIFF'S COUNSEL]: You are addressing it to both of us?
THE COURT: Yes.
[PLAINTIFF'S COUNSEL]: I think the Court makes that determination, my understanding.

---

5. *See* Record Vol. II, at 151–52.

6. Record Vol. I, at 68: District Court's Additional Findings of Fact and Conclusions of Law ¶ 4 (Nov. 28, 1988).

7. As in *Lindsey,* we express no opinion on whether our holding would be the same had the district court determined that the evidence, while establishing intentional discrimination, did not support a finding of willfulness. *Lindsey,* 810 F.2d at 1100.

8. The transcript reveals the following discussion took place during the charge conference:

▮▮▮ The Bank's argument that the district court was aware that it sought jury resolution of the willfulness issue is not supported by the record. Contrary to the Bank's assertion that "The bank made a timely objection to the district court taking this issue from the jury," Appellant's Brief at 41, the record reveals only that the district court acknowledged the fact that the Bank objected to the district court's conclusion that there was sufficient evidence in the record to support a finding of willfulness should the jury return a finding of discrimination.[9] Counsel for the Bank made no request that the jury be instructed as to the standard for determining willfulness nor did he request an interrogatory be submitted to the jury as to this issue.[10] Under these circumstances, we conclude that the Bank forfeited its right to have the jury decide this factual issue.[11] *See Hearn v. City of Gainesville,* 688 F.2d 1328, 1335 (11th Cir.1982). As the Tenth Circuit has observed:

> Rule 49(a), 28 U.S.C.A. permits the court to require a jury to return specific verdicts upon each issue of fact. These questions are to be submitted to the jury in written form, susceptible of brief answers. If in submitting these questions the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issues so omitted unless before the jury retires, he demands its submission to the jury. In case an issue of fact is omitted without such demand, the court may make a finding.

*Bruno v. Western Electric Co.,* 829 F.2d 957, 961 (10th Cir.1987) (quoting *Merrill v. Beaute Vues Corp.,* 235 F.2d 893, 896–97 (10th Cir.1956)).

### III.

▮▮▮ In its final objection, the Bank argues that the district court erred in awarding Formby's trial counsel a one-third enhancement of the lodestar to account for the delay incurred in receiving compensation.[12] Alleging that the district

---

[DEFENDANT'S COUNSEL]: Your Honor, I do not know the law on this. I would think that there will be—whatever Mr. Rutledge's answer is—there will be only one piece of evidence on that point, and it will follow whoever makes the decision.
Record Vol. II, at 81–82.

9. During the second charge conference, the court made the following observation:
THE COURT: All right. Now I'm not going to submit the issue of liquidated damages to the jury. I will decide the issue of willfulness, and if the jury finds that the plaintiff was discriminated against because of her age, based on Mr. Rutledge's acknowledged awareness of the law the violation was willful, and liquidated damages will be assessed. And the defendant objects and the Court overrules the objection.
[DEFENDANT'S COUNSEL]: Your Honor, may I, for purposes of protecting my record, renew my motion for a directed verdict?
THE COURT: Yes sir. The motion for a directed verdict is received by the Court and it's overruled....
Record Vol. II, at 131–32.

10. By not articulating a specific objection to the fact that the trial judge was reserving for himself the determination of liquidated damages, the Bank procedurally defaulted this issue. *See* Fed.R.Civ.P. 51 ("No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."). Under Rule 51, a party must explicitly state each ground for his objection—the fact that a party may object to the sufficiency of the evidence supporting a particular claim does not preserve other objections concerning the determination of that claim. *See, e.g., Barnett v. Housing Authority of City of Atlanta,* 707 F.2d 1571, 1580–81 & n. 17 (11th Cir.1983).

11. Indeed, we note that not once during the entire proceedings before the district court did the Bank ever suggest that this issue should have been resolved by the jury. Consequently, even if we were not to have held that the Bank through its silence waived its right to a jury trial, we would conclude nonetheless that to the extent the Bank is seeking to raise an issue not raised before the trial court, appellate review of this issue is inappropriate. *See Molett v. Penrod Drilling Co.,* 826 F.2d 1419, 1424 (5th Cir.1987).

12. The Bank's argument that Formby waived her right to attorneys' fees by failing to comply with the district court's deadline for filing an appropriate motion is wholly without merit. After having received the jury's verdict in favor of the plaintiff, the district court stated:
I will invite counsel to try to work out a reasonable attorney's fee, if they can.... If they cannot by the 9th of March, Mr. Rhea

court had calculated the lodestar amount using current hourly rates rather than historic rates, the Bank contends that a one-third multiplier effectively amounts to a double enhancement of the fees.

The Bank never raised this objection before the district court. "As a general rule, an appellate court will not consider a legal issue or theory raised for the first time on appeal." *Lattimore v. Oman Construction*, 868 F.2d 437, 439 (11th Cir.1989) (per curiam). Although this rule is not without its exceptions, *see generally Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360–61 (11th Cir.1984), the Bank has provided no basis for its failure to raise this objection in the district court. Moreover, our review of the record does not suggest the existence of adequate grounds to warrant departure from the general rule. The Bank's counsel, although clearly afforded adequate opportunity by the district court to voice any objections to the proposed one-third enhancement for delay, did not raise this objection before the trial court.[13]

Accordingly, we decline to entertain the Bank's objection to the district court's enhancement for delay. *See generally In re Daikin Miami Overseas, Inc.*, 868 F.2d 1201, 1207 (11th Cir.1989).

> [plaintiff's counsel], submit to Mr. Pruett and Mr. Shumaker [defendant's counsel], a statement of your hours and description of your services rendered, and a claim for any out-of-pocket expenses incurred. And once you submit the statement, if you will file a motion, I will set the matter down for hearing.
>
> Record Vol. II, at 157.
>
> Contrary to the Bank's assertion that "the district court instructed the plaintiff to file a petition for attorney's fees by March 9, 1987, if no agreement could be reached with the bank," Brief for the Appellant at 37, a proper reading of this instruction suggests that the parties were to try and negotiate until March 9th, and if no settlement were reached by that date, then sometime thereafter a petition for attorneys' fees should be filed. Plaintiff's counsel filed the petition for attorneys' fees a little over two weeks from the date that the mandate was received by the district court. As such, the petition was timely filed. *Cf. Davidson v. City of Avon Park*, 848 F.2d 172, 174 (11th Cir.1988).

13. The issue of an enhancement for delay was the subject of discussion between the district

## IV.

We conclude that the district court's judgments in Nos. 88–7466, 88–7467, and 88–7617 are due to be

AFFIRMED.[14]

court, Formby's attorneys, and the Bank's attorney during the July 18, 1988, hearing before the district court. Counsel for the Bank made only two arguments as to why an enhancement was inappropriate. First, counsel argued that some of the delay was not attributable to the defendant's actions. Record Vol. IV, at 14. Second, counsel also argued that the plaintiff waived the enhancement. Record Vol. IV, at 15. These two grounds were the only bases for objection to the proposed enhancement that counsel for the Bank desired to make to the district court. Record Vol. IV, at 16. Neither of these two grounds have been raised on appeal. In any event, both are without merit.

14. To the extent the Bank challenges the initial determination as to its liability to Formby, we conclude that those challenges are without merit. Consequently, even though the original panel was without jurisdiction to review the jury verdict during the Bank's first appeal, we concur with and reaffirm its conclusions that the jury properly found that the Bank intentionally discriminated against Formby because of her age.