**Rodney JAMES, Plaintiff,**

v.

**WASH DEPOT HOLDINGS, INC., Defendant.**

**No. 05–60822–CIV.**

United States District Court, S.D. Florida.

Nov. 30, 2006.

---

Chris Kleppin, Glasser Boreth Ceasar & Kleppin, Plantation, FL, for Plaintiff.

Peter Wolfson Zinober, Shane T. Munoz, Jaimi Lamb Kerr, Zinober & McCrea, Tampa, FL, for Defendant.

## ORDER AWARDING LIQUIDATED DAMAGES

DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Plaintiff's request for Liquidated Damages. After presiding over the trial of this cause and considering counsel's post-verdict arguments, the Court finds as follows:

1. On May 19, 2005, Plaintiff filed a Complaint seeking liquidated damages. [DE–1].

2. At trial, both parties agreed that the issue of liquidated damages was to be decided by the Court.

3. On November 30, 2006, the jury returned a verdict for Plaintiff for $1746.81, only on the overtime count.

4. 29 U.S.C. § 216(b) provides that an employer who violates the provisions of the Fair Labor Standards Act (FLSA) shall be liable to the employee for the unpaid overtime wages and an equal amount as liquidated damages. The Court has the discretion to award an amount of liquidated damages less than the overtime award. 29 U.S.C. § 260. Congress has recognized that the failure to pay wages on time may be so detrimental to the health, efficiency and well-being of workers that double payment must be made to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 708, 65 S.Ct. 895, 89 L.Ed. 1296 (1945); *Lindsey v. Am. Cast Iron Pipe Co.,* 810 F.2d 1094, 1101 (11th Cir.1987). Liquidated damages represent compensation for a delay in payment of amounts owed. *Id* at 1102; *Snapp v. Unlimited Concepts, Inc.,* 208 F.3d 928, 934 (11th Cir.2000), *cert. denied,* 532 U.S. 975, 121 S.Ct. 1609, 149 L.Ed.2d 474 (2001).

5. Defendant has not satisfied its burden to show that it had an honest intention to ascertain what the law required and to

act in accordance with it. *Dybach v. State of Fla. D.O.C.*, 942 F.2d 1562, 1566 (11th Cir.1991). Defendant has not shown that it had reasonable grounds for believing that its conduct comported with the act.[1] *Id.* at 1567.

6. Certainly, obtaining advise of counsel would insulate a defendant from an award of liquidated damages. *Hill v. J.C. Penney Co., Inc.*, 688 F.2d 370, 375 (5th Cir.1982). Here, Mr. Anderson admitted that he did not possess an expertise in the field of the Fair Labor Standards Act, and there was no testimony that he consulted lawyers with an expertise in that field. He did say that he had contacted different agencies in Massachusetts, Florida and California, but received conflicting information. The court finds that testimony to be insufficient to sustain the Defendant's burden of establishing good faith.

Wherefore, Plaintiff's Motion for Liquidated Damages is Granted; this Court awards liquidated damages in the amount of $1,746.81 against the Defendant.

1. Even if the Defendants showed good faith, the Court has the discretion to award liquidated damages. *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 464–65 (D.C.Cir.1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978).