Sam T. COSTON, Plaintiff–Appellee,

v.

PLITT THEATRES, INC.,
Defendant–Appellant.

Nos. 86–2109, 86–2137 and 86–2144.

United States Court of Appeals,
Seventh Circuit.

Oct. 26, 1988.

Paul R. Karasik, Chicago, Ill., for defendant-appellant.

Daniel S. Mathless, Baum, Glick & Wertheimer, P.C., Chicago, Ill., for plaintiff-appellee.

Before COFFEY and MANION,
Circuit Judges, and ESCHBACH,
Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

On September 23, 1987, we entered our opinion and judgment in *Coston v. Plitt Theatres, Inc.*, 831 F.2d 1321 (7th Cir.1987), an action brought under the Age Discrimination in Employment Act ("ADEA"). We affirmed the district court's judgment on all issues except the method of calculating liquidated damages. The Supreme Court of the United States, on April 18, 1988, denied plaintiff Sam T. Coston's petition for writ of certiorari which sought review of the method of calculating liquidated damages. —— U.S. ——, 108 S.Ct. 1471, 99 L.Ed.2d 700 (1988). Subsequently, on May 23, 1988, the United States Supreme Court

granted defendant's, Plitt Theatres, Inc. ("Plitt"), separate petition for certiorari, and vacated the judgment of this court. — U.S. ——, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988). The second petition sought review of the jury instruction on willfulness and of the reasons offered for the dismissal of the plaintiff. The case was remanded to us for additional consideration in light of *McLaughlin v. Richland Shoe Co.*, 486 U.S. ——, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). On reconsideration, we vacate the jury's award of liquidated damages and remand for retrial in the district court on the issue of whether Plitt willfully violated § 7(b) of the ADEA, 29 U.S.C. § 626(b), when it fired plaintiff Sam T. Coston. In addition, since Coston is no longer the "prevailing party" as to all issues appealed, we vacate the award of attorney's fees for redetermination at the conclusion of the new trial.

Pursuant to Circuit Rule 54, plaintiff-appellee and defendant-appellant filed statements of position as to the action which this court ought to take on remand. The parties were also granted permission to file additional briefs. In their briefs, the parties, once again, raise many issues presented in their original appeals. We need not discuss most of these issues on remand because they were adequately dealt with in our opinion reported at 831 F.2d 1321 (7th Cir.1987). We now readopt our original opinion on these issues and address only Plitt's challenge to the jury instruction on the proper standard for determining a "willful" violation of the ADEA. *See* 29 U.S.C. § 626(b).

## I

The ADEA contains a "liquidated damages" provision that allows damages to be doubled if an employer's violation of the ADEA is determined to be "willful." *Id.* The legislative history behind the Act shows that Congress intended an award of "liquidated damages to be punitive in nature." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985). Defendant contends that the district court erred when it instructed the jury:

> In order for the discrimination by the defendant to have been willful, the defendant's actions must have been *knowing and voluntary and the defendant either knew or reasonably should have known that its actions were in violation of the law.*

Defendant has admitted that it was at all times aware of the illegality of age discrimination. Whether these lements [sic] of willfulness have been proved by the evidence is for you to determine.

Tr. 401 (emphasis added); *see Syvock v. Milwaukee Boiler Mfg. Co.*, 665 F.2d 149, 156 (7th Cir.1981). In fashioning its jury instruction, the district court relied on the standard for assessing willfulness adopted by this court in *Syvock*, 665 F.2d at 156.

After applying the *Syvock* standard in *Plitt*, this court then determined that there was sufficient evidence in the record to support the jury's verdict that Plitt's violation of the ADEA was willful. *Plitt*, 831 F.2d at 1326. From the evidence plaintiff produced at trial, one could reasonably conclude that Plitt discharged Coston because of his age and that this was done in willful violation of the Act. The jury was entitled to believe Coston's testimony that one of the reasons given for his discharge was, "[B]esides, Sam, we have to go along with youth." *Id.* at 1324. The jury was also allowed to reject as mere pretext Plitt's assertion that Coston was fired because he was less senior and because his work performance was not adequate.

## II

However, four years after this court decided *Syvock*, the Supreme Court in *Thurston*, 469 U.S. at 111, 105 S.Ct. at 613, upheld the Second Circuit's determination that a violation of the ADEA was "willful" for the purposes of the liquidated damages provision if "the employer *knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.*" *Id.* at 128, 105 S.Ct. at 625 (emphasis added). Following the Supreme Court's pronouncement of the new willful-

ness standard, this court in a series of cases held that the *Syvock* standard for defining "willful" was consistent with the test announced in *Thurston. See Rengers v. WCLR Radio Station,* 825 F.2d 160 (7th Cir.1987), *vacated,* —— U.S. ——, 108 S.Ct. 1990, 100 L.Ed.2d 223 (1988); *Graefenhain v. Pabst Brewing Co.,* 827 F.2d 13 (7th Cir.1987); *Kossman v. Calumet County,* 800 F.2d 697 (7th Cir.1986), *cert. denied,* 479 U.S. 1088, 107 S.Ct. 1294, 94 L.Ed.2d 151 (1987); *McNeil v. Economics Laboratory, Inc.,* 800 F.2d 111 (7th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1983, 95 L.Ed.2d 823 (1987).

Nevertheless, every other circuit, except the Third Circuit, that has addressed willfulness in ADEA cases has adopted the "knew or showed reckless disregard" standard approved by the Supreme Court in *Thurston. See Wilhelm v. Blue Bell, Inc.,* 773 F.2d 1429, 1435 (4th Cir.1985), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986); *Powell v. Rockwell Int'l Corp.,* 788 F.2d 279, 285–86 (5th Cir. 1986); *Williams v. Caterpillar Tractor Co.,* 770 F.2d 47, 50–51 (6th Cir.1985); *Nolting v. Yellow Freight Sys.,* 799 F.2d 1192, 1197–98 (8th Cir.1986); *Gilchrist v. Jim Slemons Imports, Inc.,* 803 F.2d 1488, 1495–96 (9th Cir.1986); *Smith v. Consol. Mut. Water Co.,* 787 F.2d 1441, 1443 (10th Cir.1986); *Lindsey v. American Cast Iron Pipe Co.,* 810 F.2d 1094, 1099–1100 (11th Cir.1987). The Third Circuit has even gone beyond *Thurston* by adopting a more stringent "outrageousness" standard for awarding liquidated damages. *See Dreyer v. Arco Chem. Co.,* 801 F.2d 651, 657–58 (3d Cir.1986), *cert. denied,* 480 U.S. 906, 107 S.Ct. 1348, 94 L.Ed.2d 519 (1987).

Since we issued our opinion in *Plitt,* the Supreme Court has also decided *McLaughlin v. Richland Shoe Co.,* 486 U.S. ——, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). In that case, the Court reiterated its support for the willfulness standard enunciated in *Thurston* and further defined the term "willful" for both Fair Labor Standards Act and ADEA violations by adding that it "is generally understood to refer to conduct that is not merely negligent." *Id.* at ——, 108 S.Ct. at 1681. In further clarify-

ing the willfulness test, the Court also stated:

> We recognize that there is some language in *Trans World Airlines v. Thurston* ... not necessary to our holding, that would permit a finding of unreasonableness to suffice as proof of knowing or reckless disregard.... Our decision today should clarify this point: If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful under either petitioner's test or under the standard we set forth. If an employer acts unreasonably, but not recklessly, in determining its legal obligation, then, although its action would be considered willful under petitioner's test, it should not be so considered under *Thurston* or the identical standard we approve today.

*Id.* at ——, 108 S.Ct. at 1682 n. 13.

## III

Given the Court's express declaration that a reasonableness standard is improper, we can no longer hold that the *Syvock* standard used by the district court for defining "willful" with regard to liquidated damages under the ADEA is consistent with the standard announced by the Supreme Court in *Thurston.* To the extent that the *Syvock*-type instruction does not comply with the standard adopted by the Supreme Court in *Thurston* and further clarified by it in *McLaughlin,* we now expressly overrule the use of the *Syvock* standard and those cases that have construed it as consistent with *Thurston.*

As Judge Manion wrote in his concurring opinion in *Plitt,* "*Syvock's* 'should have known' standard and *Thurston's* 'reckless disregard' standard cannot peacefully coexist." *Plitt,* 831 F.2d at 1338 (Manion, J., concurring). While *Syvock* requires mere negligence for finding willfulness, *Thurston* requires recklessness. Since the Supreme Court expressly held in *Thurston* that an award of liquidated damages is intended to be punitive in nature, *see Thurston,* 469 U.S. at 125, 105 S.Ct. at 624, *Syvock's* negligence standard does not

comport with the rationale behind *Thurston*.

We also take this opportunity to clarify an additional point that has become muddled in the endless debate over the "knew or should have known" standard versus the "knew or showed reckless disregard" standard. The term "knew" in both standards refers to the fact that the employer knew he was violating the ADEA, not to the fact that he was aware of the Act. It is already well-established that a plaintiff cannot prove willfulness merely by demonstrating that an employer "knew" of the ADEA. *See id.* at 128, 105 S.Ct. at 625.

### IV

Because the district court clearly erred in instructing the jury based on a *Syvock*-type standard, we must vacate the award of liquidated damages and remand for retrial in the district court on the issue of whether Plitt willfully violated § 7(b) of the ADEA, 29 U.S.C. § 626(b), when it fired plaintiff Sam T. Coston. However, we express no view as to whether, under the proper standard, Plitt's violation was "willful" because we leave that determination for the district court to make.

Finally, because Plitt is now a "partially prevailing plaintiff," *see Hensley v. Eckerhart,* 461 U.S. 424, 433–35, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1983); *Spanish Action Comm. v. City of Chicago,* 811 F.2d 1129, 1133–34 (7th Cir.1987), the part of the original judgment fixing the attorney's fees should be vacated to be redetermined at the conclusion of the new trial. Accordingly, this court vacates the award of liquidated damages and attorney's fees, and remands for retrial on the willfulness issue.