Claudia DOLGIN, Plaintiff,

v.

SHEARSON LEHMAN HUTTON,
INC., Defendant.

No. 89 C 846.

United States District Court,
N.D. Illinois, E.D.

June 5, 1989.

George F. Galland, Jr., Davis Barnhill & Galland, Chicago, Ill., for plaintiff.

Barry A. Hartstein, Neal Gerber Eisenberg & Lurie, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Claudia Dolgin brings this action charging defendant Shearson Lehman Commercial Paper, Inc. ("Shearson")[1] with terminating her on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* In addition to seeking compensatory damages, Dolgin prays for liquidated damages under § 7 b of the ADEA on an allegation that "defendant knew that such conduct was unlawful." Complaint, ¶ 8. Shearson moves to dismiss the complaint or, alternatively, to strike the prayer for liquidated damages. For the reasons set forth below, the motion is denied.

### Discussion

Section 7 b of the ADEA provides that "liquidated damages shall be payable only in cases of willful violations of [the Act]." 29 U.S.C. § 626(b). The Supreme Court recently held that proof that the defendant knew of the existence of the ADEA is not enough to support a finding of willful misconduct. "[A] violation of the Act [is] 'willful' if 'the employer ... knew or showed reckless disregard for the matter of whether its conduct *was prohibited* by the ADEA.'" *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 126, 105 S.Ct. 613, 624, 83 L.Ed.2d 523 (1985), *quoting Air Line Pilots Assoc. v. Trans World Airlines, Inc.*, 713 F.2d 940, 956 (2d Cir.1983). *See also Burlew v. Eaton Corp.*, 869 F.2d 1063 (7th Cir.1989) (discussing the ambiguous role of "intent to discriminate" in this scheme as applied to disparate treatment cases). The Court later refined the "reckless disregard" portion of this standard, stating that an unreasonable determination by the employer that its action does not violate the ADEA does not constitute willful misconduct unless that determination was additionally reckless. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 1682 n. 13, 100 L.Ed.2d 115 (1988). *See also Coston v. Plitt Theatres, Inc.*, 860 F.2d 834 (7th Cir.1988).

By her allegation that Shearson knew that the ADEA proscribed its conduct, Dol-

---

1. Dolgin initially named Shearson Lehman Hutton, Inc. as defendant but later substituted Shearson Lehman Commercial Paper, Inc.

gin has alleged sufficient facts to state a claim for liquidated damages. "The term 'knew' ... refers to the fact that the employer knew he was violating the ADEA, not to the fact that he was aware of the Act." *Coston,* 860 F.2d at 837. If Dolgin is able to prove that Shearson actually believed that terminating Dolgin violated the ADEA, she may recover liquidated damages. Shearson contends that Dolgin must additionally allege recklessness. We disagree. Recklessness comes into play only when a plaintiff is contending that the defendant was unreasonable in believing that its employment decision did not run afoul of the ADEA. When an age discrimination plaintiff is fortunate enough to have the proverbial "smoking gun," that is, evidence that the defendant knew that its decision to terminate was unlawful but nevertheless carried it out, the plaintiff needs no more. By her allegation, Dolgin apparently has such evidence.[2]

### Conclusion

Dolgin has alleged sufficient facts to support an award of liquidated damages under the ADEA. Accordingly, Shearson's motion to dismiss the complaint or, alternatively, to strike the prayer for such damages is denied. Shearson is to file its answer within fifteen days. It is so ordered.

---

[2]. Shearson argues strenuously that there is no factual basis for this allegation. For purposes of a motion to dismiss, we accept as true all allegations, and reasonable inferences therefrom, in the complaint. *Meriwether v. Faulkner,* 821 F.2d 408, 410 (7th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987).

Shearson's position is more appropriately addressed on summary judgment. If in fact Dolgin has no evidence to support this allegation and it appears that it was not well grounded in fact, sanctions may be warranted under Fed.R. Civ.P. 11.