**Subhen GHOSH, Plaintiff–Appellant,**

v.

**INDIANA DEPARTMENT OF ENVI-RONMENTAL MANAGEMENT, Defendant–Appellee.**

No. 98–3157.

United States Court of Appeals, Seventh Circuit.

Argued April 1, 1999.

Decided Oct. 4, 1999.

Ashley A. Rozek (argued), Roberts & Bishop, Indianapolis, IN, for Plaintiff–Appellant.

Rosemary L. Borek (argued), Office of the Attorney General, Indianapolis, IN, for Defendant–Appellee.

Before WOOD, JR., RIPPLE, and KANNE, Circuit Judges.

HARLINGTON WOOD, JR., Circuit Judge.

Plaintiff-appellant Subhen Ghosh, a United States citizen who is a native of India, filed suit against his employer, the Indiana Department of Environmental Management ("IDEM"), claiming that he was denied promotions because of his national origin and in retaliation for filing a charge with the United States Equal Employment Opportunity Commission ("EEOC"). Ghosh's complaint also included a wage discrimination claim based on allegations that IDEM did not give him equal pay for performing work equal to that of a Caucasian employee. The dis-

trict court granted summary judgment to IDEM. Ghosh appeals.

## I. BACKGROUND

Subhen Ghosh holds a bachelor of science as well as a masters degree in engineering. Ghosh has completed post-masters studies in engineering and graduate studies in business administration. In addition to his formal course work, Ghosh has attended various continuing education courses in engineering and environmental management and has taught college courses in engineering, petroleum, and technology. Ghosh has been employed as an IDEM engineer continuously since 1985. In 1985, he was hired by IDEM as an Environmental Engineer III in the Office of Water Management. From 1985 until May 1997, Ghosh unsuccessfully applied for numerous promotions within IDEM. In May 1997, Ghosh was promoted to Environmental Engineer II in the Office of Water Management, Compliance Branch, Inspections Section. From the time he was promoted from Engineer III to Engineer II until March 16, 1998, Ghosh continued to apply for additional promotions within IDEM without success.

On May 30, 1996, Ghosh filed charges with the EEOC alleging that IDEM discriminated against him because of his national origin by failing to promote him and to give him equal pay for equal work. After receiving his Right to Sue letter, Ghosh filed this discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, which makes it unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of the individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). On August 1, 1997, Ghosh filed a second charge with the EEOC alleging that IDEM retaliated against him for filing the first charge with the EEOC. After receiving his Right to Sue letter on this second charge, Ghosh filed an amended complaint which included allegations of retaliation. On January 21, 1998, IDEM moved for summary judgment. On July 28, 1998, the district court granted summary judgment in favor of IDEM on all of Ghosh's claims. Ghosh filed this timely appeal.

## II. ANALYSIS

We review the district court's grant of summary judgment *de novo*. *Wilson v. Chrysler*, 172 F.3d 500, 503 (7th Cir.1999). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). In our analysis, we must view the facts in the light most favorable to Ghosh, the non-moving party. *Wilson*, 172 F.3d at 503. While the district court's grant of summary judgment addresses twenty-eight incidents of alleged discrimination, on appeal Ghosh challenges the district court's rulings with respect to only three of the incidents. Specifically, Ghosh contends that the district court erred in granting summary judgment on the claims arising out of his October 1996 application for an Environmental Engineer I position in the Solid Waste Technical Compliance Section and his March 1997 applications for a Senior Environmental Manager I position in the Office of Water Management, Compliance Branch and for a Senior Environmental Supervisor III position in the Office of Water Management, Drinking Water Branch. Ghosh also challenges the district court's ruling on his wage discrimination claim.

▪▪▪ Ghosh is proceeding under the burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the *McDonnell Douglas* approach, a plaintiff may prove his case using "indirect" evidence. *Brill v. Lante Corp.*, 119 F.3d 1266, 1270 (7th Cir.1997). The first step of the *McDonnell Douglas* method requires a plaintiff to make a prima facie showing of discrimination. In

order to make a prima facie showing of discrimination in a failure to promote case, the plaintiff must demonstrate that (1) he was a member of a protected group; (2) he applied for and was qualified for the position sought; (3) he was rejected for the position; and (4) those who were promoted had similar or lesser qualifications for the job. *Id.* (citing *Sample v. Aldi Inc.*, 61 F.3d 544, 548 (7th Cir.1995)). If the plaintiff succeeds in establishing a prima facie case of discrimination, the burden then shifts to the defendant, who must explain why it failed to promote the plaintiff. If the defendant provides reasons that are nondiscriminatory on their face, the burden returns to the plaintiff who then must demonstrate that defendant's proffered reasons are pretextual. *Id.* Pretext is established if the plaintiff can show that the defendant's proffered reasons are either lies or completely lacking in factual basis. *Mills v. Health Care Serv. Corp.*, 171 F.3d 450, 458 (7th Cir.1999). To avoid summary judgment, a plaintiff must produce evidence from which a rational trier of fact could infer that the defendant lied about its proffered reasons for failing to promote him or that the reasons had no basis in fact. *Id.*

## A. Environmental Engineer I, Solid Waste Technical Compliance Section

In October 1996, Ghosh applied for an Environmental Engineer I position in the Solid Waste Technical Compliance Section. The recommended skills for the position included a knowledge of the following areas: federal and state law and regulations; environmental health, geotechnical and earth sciences; soil and synthetic liner construction and installation; and construction, operation, and maintenance of solid waste processing and disposal facilities. The position also required the ability to collect and analyze data, prepare reports and technical documents, and review projects and situations. Ghosh was not interviewed for the opening, and IDEM selected Tom Daugherty, a Caucasian, to fill the position.

■ Even assuming Ghosh is able to make a prima facie showing of discrimination with respect to this application, his claim nevertheless fails because there is no evidence that IDEM's proffered reasons for failing to interview him for the position were pretextual. *See Abioye v. Sundstrand Corp.*, 164 F.3d 364, 368 (7th Cir. 1998) ("When the defendant has proffered an explanation for termination that the court determines to be non-pretextual, the court may avoid deciding whether the plaintiff has met his prima facie case and instead decide to dismiss the claim because there is no showing of pretext."). IDEM's motion for summary judgment included as an exhibit a form listing the applicants, including Ghosh, who were not selected for an interview following an initial evaluation of the submitted resumes together with an explanation of why each applicant was not offered an interview. The form notes that Ghosh was not offered an interview because he lacked soil synthetic liner knowledge, had inadequate writing skills, did not submit a state application as requested, and did not score within 20% of the top candidate's score after the initial evaluation of the resumes.[1] These reasons are nondiscriminatory on their face; therefore, Ghosh has the burden of showing that the reasons are in fact pretextual. *See Brill*, 119 F.3d at 1270.

■ In his only brief to this court, Ghosh does not contest IDEM's explanation that he was not interviewed because his resume did not score in the top 20% of those received for the position nor does he argue that the reviewers gave him lower scores because of his national origin. When the defendant offers multiple reasons for its employment decision, the

---

1. In fact, the record shows that following the initial resume evaluation, Ghosh's score was the lowest of all of the applicants.

plaintiff must show that all of the proffered reasons are pretextual in order to reverse the district court's grant of summary judgment. *Mills*, 171 F.3d at 459. Ghosh's failure to address one of IDEM's proffered reasons is fatal to his claim. Furthermore, Ghosh has not shown IDEM's other reasons to be pretextual. The job notice for the position clearly instructed applicants to submit both a resume and an application. Ghosh contends that this reason is pretextual based on an interoffice memorandum prepared by the employee in charge of hiring for the position which included Ghosh's name in a list referred to as "the eight applicants which submitted an application." The memo, which briefly outlines the evaluation process, does not address whether the individual applicants submitted resumes, the required applications, or both. Ghosh has presented no evidence that he actually submitted the required application, and, in fact, he expressly asserts in his brief that "IDEM evaluated [him] based on his resume and nothing more."

Ghosh concedes that his resume did not specifically state that he possessed knowledge or experience in soil synthetic liners; however, he contends that he did in fact have soil synthetic liner experience which IDEM would have discovered had Ghosh been granted an interview. The fact that IDEM was mistaken in its evaluation of Ghosh's qualifications does not show that the evaluation was not honestly undertaken, particularly in light of the resume omission. *Mills*, 171 F.3d at 459 (citing *Lenoir v. Roll Coater, Inc.*, 13 F.3d 1130, 1133 (7th Cir.1994)). Ghosh further argues that the successful candidate Daugherty's resume also did not list specific knowledge or experience in soil synthetic liners. However, Daugherty's resume clearly listed extensive experience in solid waste at IDEM, while Ghosh was employed exclusively in IDEM's wastewater inspection section.

Finally, Ghosh argues that the evaluators' conclusion that Ghosh pos-

sessed inadequate writing skills for the position was pretextual because it had no basis in fact. It is uncontested that Ghosh did not submit, nor did IDEM request, a writing sample in connection with Ghosh's application. However, there is no evidence in the record that the evaluators had never encountered Ghosh's writing. Furthermore, to the extent that Ghosh argues that the assessment was incorrect, as noted above, a mistaken assessment without more does not establish pretext. *Mills*, 171 F.3d at 459. The district court correctly granted summary judgment to IDEM on Ghosh's claim relating to his application for the Environmental Engineer I position in the Solid Waste Technical Compliance Section.

### B. Senior Environmental Manager I, Office of Water Management, Compliance Branch

In March 1997, Ghosh applied for either of two available Senior Environmental Manager I positions in the Office of Water Management, Compliance Branch. The recommended skills for the positions included a working knowledge of chemistry, biology, mathematics, wastewater treatment processes, and other sciences related to wastewater management; broad knowledge of state and federal statutes and rules applicable to wastewater management; supervisory experience; experience in program planning, budgeting, and procurement; effective oral and written communication skills; and computer capability. The job announcement also stated that documented experience performing wastewater NPDES compliance evaluation inspections was preferred. Ghosh was interviewed, but IDEM hired Ron Pearson and Rex Counterman, both Caucasians, to fill the vacancies. Ghosh challenges only IDEM's hiring of Counterman, arguing that he was at the very least as qualified as Counterman was for the position and that IDEM's proffered reasons for failing to promote him were pretextual.

■ Once again, we will assume without deciding that Ghosh is able to establish a prima facie case of discrimination. IDEM asserts that Counterman was chosen to fill the position because he had more experience than Ghosh and because he received the second highest interview score. These reasons are nondiscriminatory on their face; therefore, the burden shifts back to Ghosh to show pretext. *See Brill*, 119 F.3d at 1270.

■ Ghosh contends that IDEM's explanation that Counterman had more experience was without factual basis. At the time he applied for the promotion, Counterman had been employed by IDEM for nearly thirteen years, spending ten years in IDEM's Wastewater Survey Section and two and a half years in the Wastewater Inspections Section. Ghosh, on the other hand, had twelve years of experience with IDEM, all in the Wastewater Inspections Section. While Ghosh contends that Counterman's ten years in IDEM's Wastewater Survey Section were inapplicable to the position, the record shows that Counterman's work in the Survey Section included inspection-related experience and NPDES work. Ghosh further argues that he was more qualified than Counterman for the position because Counterman lacked supervisory experience, a recommended skill for the position, while Ghosh had approximately nine years of supervisory and management experience, including a position that Ghosh held from 1972 to 1975 in which he had supervisory experience over more than one hundred people. Supervisory experience, however, was only one of several recommended skills for the position. While Ghosh asserts that he possessed the recommended written communication and data processing skills, he does not argue that he had more experience than Counterman in these areas. The fact that Ghosh may have been more experienced than Counterman in one specific area does not undermine IDEM's explanation that overall Counterman possessed more relevant experience than Ghosh.

Ghosh has not shown that IDEM's explanation was anything other than IDEM's honest appraisal of the applicants' experience. Even if the evaluation was erroneous, this court does not sit as a "super-personnel department" to review a company's honest business decisions. *Mills*, 171 F.3d at 459.

■ Ghosh argues that employer interview scores should not constitute sufficient evidence of nondiscrimination in a failure to promote case, asserting that he received low interview scores because of the interviewer's discriminatory attitude toward him. Ghosh contends that the interview scores did not take into account management experience or reflect that Ghosh's experience was "directly applicable" to the advertised position. Once again, Ghosh fails to meet his burden of showing pretext. Criticism of an employer's evaluation process, even if well-founded, is not enough to establish pretext. *Kariotis v. Navistar Int'l Transp. Corp.*, 131 F.3d 672, 677 (7th Cir.1997). Ghosh points to no facts which would suggest that the interviewer scored him differently because of his national origin.

■ Finally, Ghosh asserts that at the time of his interview, the IDEM employee in charge of filling the position did not mention Ghosh's low interview score or lack of experience as compared to other applicants, but rather told Ghosh that he would not give him the position because it required dealing with IDEM executives, a reason which Ghosh claims is pretextual. Ghosh contends that, under *Graefenhain v. Pabst Brewing Co.*, 827 F.2d 13 (7th Cir. 1987) overruled on other grounds *Coston v. Plitt Theatres, Inc.*, 860 F.2d 834, 836 (7th Cir.1988), we should discredit IDEM's two proffered explanations because, viewing the evidence in the light most favorable to Ghosh, it has not been shown that they existed at the time the decision not to promote Ghosh was made. Ghosh urges this court to consider only the explanation given at the time of the interview, an explanation that he contends is pretextual

based on the fact that since his promotion Counterman has not been required to deal with IDEM executives.[2] Ghosh's claim fails even under this approach. Ghosh, who bears the burden of proof on this issue, has presented no evidence which would support a conclusion that the explanation was a lie or completely lacking in factual basis. The district court's grant of summary judgment with respect to the Senior Environmental Manager I position in the Office of Water Management, Compliance Branch is affirmed.

### C. Senior Environmental Supervisor III, Office of Water Management, Drinking Water Branch

In March 1997, Ghosh also applied for a Senior Environmental Supervisor III position in the Office of Water Management, Drinking Water Branch. Liz Melvin, a Caucasian, was selected to fill the position. The district court granted summary judgment in favor of IDEM on this claim, holding that IDEM did not have proper notice of this claim because it was first presented in Ghosh's response to IDEM's motion for summary judgment. On appeal, Ghosh argues that the district court improperly disposed of this claim; however, after a *de novo* review of the record, we agree with the district court's decision. Ghosh did not expressly include the Environmental Supervisor III position in his Second Amended Complaint. While Ghosh claims that his response to one of IDEM's interrogatories provided sufficient notice of the claim, that response stated only that Ghosh received a rejection letter on April 7, 1997 for a Senior Environmental Manager position. Vague references to a claim contained in large amounts of discovery do not constitute sufficient notice. *See Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1378 (7th Cir.1990). Because Ghosh does not point

to any other evidence that IDEM had proper notice of this claim, we affirm the district court's grant of summary judgment on this claim.

### D. Title VII Wage Discrimination Claim

Ghosh claims that IDEM discriminated against him because of his national origin by paying a higher salary to Michael Kuss, a Caucasian, when the men were performing the same type of work. Ghosh bases his claim on the fact that, in August 1995, Ghosh was earning $1,246.96 bi-weekly, while Kuss earned $1,441.44 every two weeks. Ghosh asserts that at that time, the men were performing the same wastewater inspection job and that, in fact, Ghosh was given a heavier workload than Kuss. Because Ghosh is proceeding under Title VII rather than under the Equal Pay Act, 29 U.S.C. § 206(d), he must show intent to discriminate, that is, he must establish that the pay disparity resulted from an actual desire on the part of IDEM to pay Ghosh less than Caucasian employees because of his national origin. *Loyd v. Phillips Bros., Inc.*, 25 F.3d 518, 525 (7th Cir.1994). Once again, we apply the *McDonnell Douglas* approach.

In the wage discrimination context, there is no definitive standard as to what constitutes a prima facie case of discrimination. *See Johnson v. Univ. of Wis.—Eau Claire*, 70 F.3d 469, 478 (7th Cir.1995). Even assuming he is able to establish a prima facie case of wage discrimination, Ghosh still bears the burden of showing IDEM's proffered reasons for the disparity to be pretextual, *id.* at 477, a burden he fails to meet. In August 1995, Ghosh was employed as an Environmental Engineer III, while Kuss was an Environmental Manager II. It is uncontested that Kuss received a 20.4% pay increase upon

---

**2.** The IDEM hiring official stated in an affidavit that he did not recall making the statement to Ghosh and that, since his promotion, Counterman occasionally has been required to attend meetings with IDEM executives. However, in considering a motion for summary judgment, we must resolve factual disputes in favor of Ghosh, the non-moving party. *Valance v. Wisel*, 110 F.3d 1269, 1274 (7th Cir. 1997).

promotion to the Environmental Manager II position. This was the standard promotional pay increase at the time of Kuss' promotion. IDEM asserts that Kuss was paid more because he had a higher rank than Ghosh, and Ghosh provides no evidence that this reason is pretextual. Ghosh's wage discrimination claim fails.

## III. CONCLUSION

The district court's grant of summary judgment in favor of IDEM is AFFIRMED.