In the
United States Court of Appeals
For the Seventh Circuit

No. 00-1711

Donnie M. Wilson,

Plaintiff-Appellant,

v.

DaimlerChrysler Corp.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 95 C 50336--Philip G. Reinhard, Judge.

Submitted September 29, 2000--Decided January 2, 2001

Before Harlington Wood, Jr., Cudahy, and
Easterbrook, Circuit Judges.

Cudahy, Circuit Judge.  Donnie M. Wilson appeals
a district court order granting summary judgment
in favor of DaimlerChrysler. The original
complaint set forth a claim of sexual harassment
and retaliatory termination in violation of Title
VII of the Civil Rights Act of 1964. The district
court entered an order and memorandum opinion
granting the defendant's motion for summary
judgment on the retaliatory termination claim on
June 23, 1997. The parties then cross-moved for
summary judgment on the hostile work environment
claim, and the district court entered an order
granting DaimlerChrysler's motion on February 26,
1998. Wilson appealed. This court affirmed the
district court's grant of summary judgment on the
retaliation claim, and reversed the court's grant
of summary judgment on the issue of sexual
harassment. See Wilson v. Chrysler Corp., 172
F.3d 500 (7th Cir. 1999). We remanded the case
for decision on the issues of whether sexual
harassment occurred and, if so, whether Wilson
suffered any damages.

On remand, DaimlerChrysler filed a motion for
summary judgment pursuant to Rule 56 of the
Federal Rules of Civil Procedure, asserting that
discovery had been closed and that Wilson had
disclosed no evidence or witness that would
establish that harassment contributed to her

disability, and thus, to her discharge. The district court, in determining whether to grant the motion, narrowed the issues to: 1) whether the plaintiff was sexually harassed and 2) whether her disability was "in some way" contributed to by the harassment. Pursuant to its authority under Rule 611(a) of the Federal Rules of Evidence, the court determined that the latter issue would be examined first. It held a bench trial on the sole issue of whether Wilson's disability that led to her discharge was caused by the harassment, assuming arguendo that harassment did occur. It then granted the defendant's motion for summary judgment, dismissing the entire matter. On March 15, 2000, Wilson filed a notice of appeal.

Although the defendant concedes that our review should be de novo, we review this ruling for clear error in light of the trial-like proceeding that occurred below. The parties and the district court seem to agree that this ruling was merely a disposition on a motion for summary judgment. In reality, the proceeding looked more like a trial. The plaintiff presented evidence, including the testimony of a witness; the defendant conducted cross-examination. After the testimony of Wilson's social worker, Forest W. Price, the court asked the plaintiff if she had any further evidence on the issue of whether sexual harassment can contribute to the emergence of the symptoms of schizophrenia, and she said her only other evidence would be testimony by the plaintiff about the harassment she experienced, and the effect it had on her. The defendant also declined to submit further evidence on the issue. After hearing the testimony of Price, the court requested that the parties make short arguments, with the caveat that "it would be a final determination if I were to find that, even if [Wilson] was sexually harassed, that it did not contribute to the paranoid schizophrenia that is the point of her disability." The court then heard five-minute "closing arguments" from each side, and rendered its decision: the plaintiff failed to meet her burden and thus the court-- after making several findings of fact--"grant[ed] the defendant's motion for summary judgment."

The trial-like nature of the proceeding is compounded by the fact that the district court's conclusions are couched in terms of the plaintiff's burden to show "by a preponderance whether the sexual harassment contributed to her disability." The court goes on to characterize its conclusions as "the findings of fact and conclusions of law in the case, and the transcript will stand for that." Such language indicates the court was determining the ultimate factual issue rather than assessing whether the

parties had met their burdens on the motion for summary judgment.

We have indicated previously that it is acceptable for a judge to make a finding of fact on a motion for summary judgment in certain limited circumstances. See Stewart v. RCA Corp., 790 F.2d 624, 629 (7th Cir. 1986). For example, if the parties have not requested a jury trial, if the judge determining the summary judgment motion is to be the ultimate trier of fact in a trial, and if the judge has heard all of the pertinent evidence, the judge could be "entitled to segment the issues and hold a limited trial." See id. at 629. In such a case, the judge's decision would be characterized as a finding of fact, subject to the appropriate--more lenient--standard of review. Here, neither side was entitled to a jury trial, because the claim arose prior to the passage of the Civil Rights Act of 1991, making RCA procedure all the more appropriate. See Landgraf v. USI Film Prods., 511 U.S. 244 (1994).

Because the district court made a finding of fact in determining whether to grant the motion for summary judgment, we review that finding under the clearly erroneous standard. The only issue before us, then, is whether the district court committed clear error in concluding that the plaintiff's schizophrenia was not contributed to by harassment. See Fed. R. Civ. P. 52(a); Kidd v. Illinois State Police, 167 F.3d 1084, 1095 (7th Cir. 1999). The district court determined that the plaintiff did not meet her burden by showing, by a preponderance of the evidence, that her disability was caused by sexual harassment in the workplace. Having reviewed the transcript from that proceeding, we conclude that this determination was reasonable, and therefore not clearly erroneous. Therefore, we affirm.

We note, however, that we have some reservations about the way the trial court limited the scope of the evidentiary hearing to one narrow question: whether sexual harassment contributed to the plaintiff's symptoms of paranoid schizophrenia. The district court based this narrowing of the issues on a statement made by this court, when we previously held that Wilson was estopped from claiming that she had the ability to return to work, and thus that her discharge was retaliatory. From that ruling, the district court understood us to say that Wilson was estopped from claiming any type of disability other than paranoid schizophrenia. That is not a proper reading. Our prior holding was that Wilson was estopped from advancing her retaliation claim. True, Wilson's diagnosis of paranoid schizophrenia gave her the opportunity to collect

benefits from both the Social Security Administration and Chrysler; indeed, Wilson asked the SSA for disability benefits on the basis of that diagnosis. And true, the diagnosis of paranoid schizophrenia was the basis for the decision to grant her benefits from Chrysler and the SSA. However, we did not say that Wilson was estopped from claiming she was disabled in some other manner--she was simply estopped from claiming she had no disability. Nonetheless, we cannot say that the district court's interpretation of our prior opinion was unreasonable, given that the word "disability" could be read throughout as an apparent reference to "paranoid schizophrenia." In any event, Wilson has not argued on appeal that her disability was of some other nature.

We also have reservations about the district court's interpretation of the plaintiff's evidence. Had we reviewed this testimony de novo, we might have reached a conclusion different from that of the district court. When reviewing a district court's decision to grant summary judgment de novo, we consider all facts in the light most favorable to Wilson and resolve all inferences in her favor. See Simpson v. Borg-Warner Auto., Inc., 196 F.3d 873, 876 (7th Cir. 1999); Ghosh v. Indiana Dep't of Envtl. Mgmt., 192 F.3d 1087, 1090 (7th Cir. 1999). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). But here the plaintiff may well have met this standard. Wilson's witness set forth some facts in support of the position that harassment contributed to her disability. Price testified that symptoms of delusional disorder (a type of schizophrenia) can emerge as a result of stress; that sexual harassment can have an effect on the overall mental state of a person with schizophrenia; and that such outside stimuli could worsen the symptoms of schizophrenia. Price also testified that-- although schizophrenia is considered organic in origin-- outside forces can affect the symptoms of schizophrenia. Reasonable persons might disagree as to whether the evidence, viewed in the light most favorable to Wilson, would demonstrate that sexual harassment contributed to her symptoms of paranoid schizophrenia. However, it is for that same reason that we cannot say the district court committed clear error in finding Wilson's presentation unsatisfactory.

Wilson's appeal is largely based on a misunderstanding about the district court's decision--and ours. She asserts that the district court erroneously held that persons suffering

from paranoid schizophrenia are not entitled to the same remedies as others under Title VII. Neither we, nor the district court, said anything of the sort. As we stated previously, Wilson is only entitled to compensatory damages if her disability was caused by discrimination, thereby causing her discharge. This is because her discharge occurred before the effective date of the Civil Rights Act of 1991; thus, equitable relief such as back pay is her only form of redress. See Bohen v. City of E. Chicago, 799 F.2d 1180, 1183 (7th Cir. 1986). The district court did not hold that the remedies under Title VII for persons suffering from paranoid schizophrenia are different from remedies available to other litigants. Nor did it hold that persons with schizophrenia suffer no ill effects from sexual harassment. It simply held that, given that the disability leading to Wilson's discharge was paranoid schizophrenia, and that harassment did not contribute to her schizophrenia, the defendant's motion for summary judgment should be granted.

Because we find that the district court's grant of summary judgment was proper, we affirm, and therefore find it unnecessary to rule on the court's determination on the motion in limine that Wilson's damages were limited to an award of back pay.

For the foregoing reasons, the judgment of the district court is

Affirmed.