**Rose MELL, Plaintiff–Appellant,**

v.

**HUMAN DEVELOPMENT CENTER, Defendant–Appellee.**

No. 00–4044.

United States Court of Appeals, Seventh Circuit.

Submitted May 3, 2001 [*].

Decided May 15, 2001.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before FAIRCHILD, BAUER, POSNER, Circuit Judges.

## ORDER

Rose Mell brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, alleging that her former employer, the Human Development Center ("Center") failed to promote her because she is African American. The district court granted summary judgment for the Center, concluding that Mell produced no evidence that the Center's proffered reasons for refusing her a promotion were pretextual. Mell appeals and we affirm.

## I.

The Center is a not-for-profit corporation that offers support services for child care providers and low-income working parents. The Center participates in a federal food program ("Food Program") benefitting licensed in-home child-care providers. During the relevant time here, the Center's Executive Board of Directors (the "Board"), composed of four African Americans and three Caucasians, controlled the Center. Executive Director Nancy Cleveland, a Caucasian, reported to the Board, but ran the Center's day-to-day operations, including hiring and promoting employees.

Mell began working at the Center in 1994 as a Program Assistant. She became a Nutrition Outreach Specialist in July 1996, taking on additional duties that included training new employees. Mell's performance evaluations, though favorable, documented her chronic tardiness.

In July 1997 the Board created the position of Food Program Supervisor to manage the Center's participation in the Food Program. The Center filled the new position through internal promotion without advertising the opening. The Center had no formal policy or procedure for handling promotions, and had filled other new supervisory positions the same way. Cleveland recommended Caucasian employee Sandra Lee for the position and the Board subsequently approved her promotion. Lee had been hired as a Nutrition Outreach Specialist four months earlier in March 1997.

Mell first learned about the new position when she found out it had been awarded to Lee on July 18, 1997. Five months later, in December 1997, she filed a race discrimination charge with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission. In October 1999, after her administrative charge was dismissed, Mell filed this lawsuit raising her Title VII claim and also asserting one under 42 U.S.C. § 1981.

The district court held that the two-year Illinois statute of limitations barred Mell's § 1981 claim, a ruling that Mell does not challenge on appeal. The district court analyzed the Title VII claim under the

burden-shifting approach of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and decided that Mell lacked evidence of pretext. Our review is *de novo*, and we evaluate the record in the light most favorable to Mell, drawing all inferences in her favor. *Jordan v. Summers*, 205 F.3d 337, 341 (7th Cir.2000).

The district court did not decide whether Mell had established a *prima facie* case, but moved directly to the issue of pretext because the Center proffered legitimate non-discriminatory reasons for not promoting Mell. We have questioned this practice of bypassing the *prima facie* inquiry, however, *see Coco v. Elmwood Care, Inc.*, 128 F.3d 1177, 1179 (7th Cir.1997), and the Center reiterates on appeal that Mell has not made out her *prima facie* case. To establish a *prima facie* case in a failure-to-promote claim, the plaintiff must show that (1) she is a member of a protected group; (2) she was qualified for the position [1]; (3) she was rejected; and (4) those promoted had similar or lesser qualifications. *Ghosh v. Indiana Dept. of Env. Mgmt.*, 192 F.3d 1087, 1091 (7th Cir.1999). Specifically, the Center contends that Mell produced no evidence that she was qualified to be the Food Program Supervisor and, in any event, no evidence that she was more qualified than Lee.

The Center is right. Regardless of Mell's own qualifications for the job, she failed to present any evidence that Lee was not more qualified. Mell admits on appeal that Lee had out-performed her at the Center. Mell cannot meet her burden at the *prima facie* stage and summary judgment was appropriate for that reason. We note that Lee's superior qualifications, which the Center proffered as one of its non-discriminatory reasons for not promoting Mell, also defeat Mell's claim on the pretext issue.

AFFIRMED.

---

1. Usually a plaintiff also must show that she actually applied for the position to establish a *prima facie* case. Because it is undisputed, however, that the Center did not advertise the Food Program Supervisor position and Mell was not aware of it, Mell is excused from this requirement. *See Babrocky v. Jewel Food Co.*, 773 F.2d 857, 867 (7th Cir.1985).

