ERIE COUNTY RETIREES ASSOCIATION and Lyman H. Cohen, for himself and all others similarly situated, Plaintiffs,

v.

The COUNTY OF ERIE, PENNSYLVANIA and Erie County Employees' Retirement Board, Defendants.

No. CIV. A. 98–272 Erie.

United States District Court, W.D. Pennsylvania.

Aug. 23, 2001.

See, also, 166 F. Supp.2d 313, and 203 F.R.D. 225.

Daniel J. Pastore, Fairview, PA, for plaintiffs.

Richard A. Lanzillo, Mark J. Kuhar, Knox, McLaughlin, Gornall & Sennett, Erie, PA, for County of Erie, defendant.

John E. Cooper, Erie, PA, for Erie County Retirees Voard, defendant.

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, District Judge.

The extensive history of the above-captioned case is set forth in our earlier opinion, *Erie County Retirees Ass'n v. County of Erie*, 140 F.Supp.2d 466 (W.D.Pa.2001). Briefly, Plaintiffs are Medicare-eligible retirees who have established that the County of Erie, Pennsylvania, is liable under the Age Discrimination in Employment Act ("ADEA") for providing them with Highmark's SecurityBlue, a coordinated health care plan provided by a federally qualified health maintenance organization ("HMO"), while providing younger retirees

with Highmark's SelectBlue, a point-of-service plan that combines aspects of HMO and traditional indemnity coverage. Presently before us for decision is Plaintiffs' Motion in Limine Regarding Offset of Damages. [Doc. No. 72]. In this motion, Plaintiffs seek to preclude Defendants from submitting evidence as to Plaintiffs' cost savings under SecurityBlue and using this evidence to argue for an offset of the damages allegedly sustained as a result of the discriminatory action. Plaintiffs First Motion in Limine Regarding Offset of Damages at 1.

Plaintiffs argue that the damages provision of the ADEA, 29 U.S.C. § 626(b), is not by its terms limited, and that 29 C.F.R. § 1625.10(e), the provision upon which Defendants' liability is based, should be used as a guide in calculating damages.[1] In essence, Plaintiffs assert that because the ADEA does not permit employers to justify the denial of certain benefits to older employees by providing other, different benefits in their place, it would be inconsistent with the substance of the Act to calculate damages by conducting such a comparison.

We find, however, that the pertinence of 29 C.F.R. § 1625.10(e) to the issue of liability does not carry over to the issue of damages. Fundamentally, the ADEA is of a make-whole nature. When the discriminatory action is termination, a prevailing plaintiff is entitled to be made whole for losses sustained as a result of the termination. *Starceski v. Westinghouse Electric Corp.*, 54 F.3d 1089, 1100 (3d Cir.1995) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). The prevailing plaintiff is generally not, however, entitled to recover anything in excess of make-whole damages. *Id.* Although the discriminatory action in this case is not termination, the principle remains the same. The appropriate remedy for the discriminatory action is that which will, to the highest extent possible, put the Plaintiffs in the position they would have been in had there been no discrimination. *Merkel v. Scovill, Inc.*, 570 F.Supp. 141, 146 (S.D.Ohio 1983).

In light of this controlling principle, we find that precluding Defendants from submitting evidence of Plaintiffs' cost savings under SecurityBlue is likely to result in an award of damages that would make Plaintiffs "better than whole," or in other words, that would create a windfall. *Rhodes v. Guiberson Oil Tools*, 82 F.3d 615, 620–21 (5th Cir.1996), *cert. denied*, 502 U.S. 868, 112 S.Ct. 198, 116 L.Ed.2d 158 (1991). We also find that, without this evidence, it is significantly more likely that the damages award would be speculative. We note that several courts have calculated damages for the loss of health insurance in the termination context by determining how much the plaintiff expended in order to replace the insurance. *See, e.g.,*

1. In its entirety, 29 C.F.R. § 1625.10(e) provides:

   *Benefits provided by the Government.* An employer does not violate the Act by permitting certain benefits to be provided by the Government, even though the availability of such benefits may be based on age. For example, it is not necessary for an employer to provide health benefits which are otherwise provided to certain employees by Medicare. However, the availability of benefits from the Government will not justify a reduction in employer-provided benefits if the result is that, taking the employer-provided and Government-provided benefits together, an older employee is entitled to a lesser benefit of any type (including coverage for family and/or dependents) than a similarly situated younger employee. For example, the availability of certain benefits to an older employee under Medicare will not justify denying an older employee a benefit which is provided to younger employees and is not provided to the older employee by Medicare.

*Pearce v. Carrier Corp.,* 966 F.2d 958 (5th Cir.1992); *Kossman v. Calumet County,* 800 F.2d 697 (7th Cir.1986), *overruled on other grounds by Coston v. Plitt Theatres, Inc.* 860 F.2d 834 (7th Cir.1988); *Merkel v. Scovill, Inc.,* 570 F.Supp. 141, 146 (S.D.Ohio 1983).; *Curtis v. Robern, Inc.,* 819 F.Supp. 451, 459 (E.D.Pa.1993). We find these cases persuasive. In *Curtis,* for instance, the court awarded the plaintiff the amount of premiums he paid after being terminated and would not have paid had he remained employed, but offset this amount by the cost of prescription co-payments the plaintiff would have incurred under his employer's plan but did not incur under his replacement plan. *Curtis,* 819 F.Supp. at 459. In *Merkel,* the court declined to include in a back-pay award the sum of health insurance premiums the defendant would have paid on the plaintiff's behalf had Plaintiff not been terminated. *Merkel,* 570 F.Supp. at 146. The court reasoned that awarding these payments would make the plaintiff more than whole because he had not himself incurred the costs; the court also found that the value of the health insurance was speculative until the plaintiff incurred expenses. *Id.*

In a related argument that we address specifically in one of the two companion opinions we issue today, Plaintiffs cite *Kelly v. Matlack,* 903 F.2d 978, 985 (3d Cir. 1990) for the proposition that a terminated employee is entitled to the value of health care benefits he or she would have continued to receive even when the employee does not obtain replacement coverage. Transcript of Proceedings Held July 12, 2001 at 42–43. In *Kelly,* the Court affirmed a jury award of 30 per cent of the employee's pay for fringe benefits based upon evidence in an employee handbook that the value of fringe benefits was 30 per cent of each employee's pay. *Id.* The jury was given only one other option as to the value of such damages, an amount representing the average cost to the employer of hospitalizing an employee over the period of one year. *Id.* The plaintiff testified, however, that she not only lost health benefits, but other fringe benefits as well. *Id.* Given this fact, the court noted that a jury is entitled to select the highest figure for which there is evidentiary support, and found that it could not be said in this instance that the jury's decision had no basis in evidence. *Id.* The Court also stated that it saw no reason to conclude that the plaintiffs' loss was any less because she did not obtain replacement benefits or become ill during the relevant period. *Id.* at n. 5.

We do not read *Kelly* as holding that the proper ADEA damage calculation in all instances of lost benefits is the value of the benefits. Initially, there is a material factual distinction between *Kelly* and our case in that our Plaintiffs were provided with replacement insurance. Thus, this is not a situation in which it is impossible to compare what Plaintiffs paid under a replacement plan and an original plan as it was in *Kelly.* Furthermore, we find it instructive that since *Kelly,* at least one district court in this circuit has computed ADEA damages for lost health benefits in a situation where the plaintiff obtained a replacement plan by comparing the amounts the plaintiff expended under each. *Curtis v. Robern, Inc.,* 819 F.Supp. 451, 459 (E.D.Pa. 1993).

In short, we find that the make whole nature of the ADEA and the general prohibition against awarding speculative damages require a comparison of the economic position Plaintiffs are in as a result of the County's discrimination to the position they would have been in absent the discrimination. This comparison cannot be meaningfully conducted absent evidence of the cost savings they received under SecurityBlue.

Accordingly, on this—day of August, 2001, for the reasons set forth above,

IT IS HEREBY ORDERED THAT Plaintiffs' First Motion in Limine Regarding Offset of Damages [Doc. No. 72] is DENIED.