UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 2, 2005
Decided January 18, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3838

| | |
|---|---|
| ALBERT D. WOODS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 02-CV-4257-JPG |
| ILLINOIS DEPARTMENT OF CORRECTIONS and DANIEL FUNK, *Defendants-Appellees.* | J. Phil Gilbert, *Judge.* |

## O R D E R

Plaintiff Albert D. Woods, an African-American employee at the Illinois Department of Corrections ("DOC"), sued his employer and the DOC employee who interviewed him for a promotion, under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983, respectively. He claims that the defendants' decision to promote a Caucasian applicant instead of him must have been based on race because he was the only candidate with the requisite three years of fingerprinting identification work. The DOC counters that it did not promote Woods because he did not have the best interview. The district court granted summary judgment for the defendants. Because Woods did not present sufficient evidence that the DOC's proffered reason for their decision is pretextual, we affirm the district court's judgment.

We view the facts in the light most favorable to Woods. *Ballance v. City of Springfield*, 424 F.3d 614, 616 (7th Cir. 2005). Woods began working as a Corrections Identification Technician ("ID Tech") for the DOC in 1996. He was responsible for, among other things, fingerprinting the prison's guards. After acquiring over four years of fingerprinting identification experience, Woods sought a promotion to Corrections Identification Supervisor in 2000. The job posting for the supervisor position stated that the job required "three years experience in fingerprint identification work involving classifying, searching, filing and making identification of fingerprints."

Before an employee can be promoted within the DOC, the employee must first apply to an independent state agency, Central Management Services ("CMS"), which determines whether the employee meets the minimum requirements for the position. The DOC interviews the qualified bidders, and promotes based on the interviewer's impressions. Woods applied to CMS for an evaluation for the supervisor position. CMS determined that he was well qualified, and DOC subsequently granted him an interview. The DOC assigned Daniel Funk, a Caucasian, to interview the candidates for the position. Several days before the interviews, Funk received and read an information packet containing the position's description (including the minimum requirement of three years of fingerprinting experience), a list of questions for the interview, and the applications of four candidates. Of the candidates, only Woods had three years of fingerprinting experience. Funk was responsible for asking the prescribed questions that were divided by topic into five categories, then recording and scoring his impressions of the applicants' answers. After interviewing all four candidates, Funk scored the answers and determined that based on a variety of criteria Jere McSparran, a Caucasian candidate with only nine months of fingerprinting experience, had the highest overall score.

Woods sued the DOC arguing that its decision not to promote Woods was based on race. The DOC responded that it did not discriminate because Funk based the interview scores on his business judgment and not on race; Funk believed that McSparran was an overall better qualified candidate for the supervisor position. The district court granted summary judgment in favor of the defendants, holding that Woods failed to prove that the nondiscriminatory reason given by the DOC was a pretext.

We review the district court's grant of summary judgment *de novo*. *Ballance*, 424 F.3d at 616. Woods has no direct evidence of discrimination, so we analyze his case using the burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See also Williams v. Seniff*, 342 F.3d 774, 788 n.13 (7th Cir. 2003) (same standards for proving intentional discrimination apply to both Title VII and § 1983). On appeal, the parties focus their arguments on whether the

DOC's stated reason for its decision (that Woods did not have the highest interview score) is a pretext. To establish pretext, a plaintiff must show more than that the employer was mistaken. *Ballance*, 424 F.3d at 617. A pretext is a lie, and the plaintiff must demonstrate that the employer did not honestly believe its stated reason. *Id.*

Woods does not present direct evidence that shows Funk lied about the interview scores. Rather, he believes that mistaken scoring is sufficient in itself to demonstrate an improper motive. But "[c]riticism of an employer's evaluation process, even if well-founded, is not enough to establish pretext." *Ghosh v. Ind. Dep't. of Env't. Mgmt.*, 192 F.3d 1087, 1093 (7th Cir. 1999). To demonstrate pretext Woods must demonstrate that the DOC did not believe that McSparran was a better qualified candidate; it is irrelevant whether the belief was accurate. *See Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 727 (7th Cir. 2005) (pretext inquiry focuses on honesty of employer's belief, not accuracy of belief). A significant portion of Woods's brief walks through each question from the interview. But as we have repeatedly stated, the court will not act as a super-personnel department that will reevaluate an employer's personnel decisions. *Blise v. Antaramian*, 409 F.3d 861, 867 (7th Cir. 2005). Rather than demonstrating that Funk is lying about how he scored the interview, Woods only presents evidence of why he thinks Funk did not recognize his true worth. *See Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 435 (7th Cir. 2005). His evidence of pretext is primarily a disagreement with the way Funk evaluated his skills and qualifications. *Id.* at 436.

Woods also believes that Funk must be lying about the true reason for scoring Woods relatively low because Woods was the only candidate who met the minimum requirements for the position. But Woods has not presented any evidence that Funk was supposed to determine which candidate met the minimum requirements. To the contrary, the undisputed evidence is that CMS, not Funk, served that function. Although CMS may not have followed the DOC's posted standards for the job, a plaintiff cannot manufacture a case of race discrimination by showing just that the employer did not rigidly follow its own rules. *Walker v. Abbott-Labs.*, 416 F.3d 641, 644 (7th Cir. 2005). Because the DOC honestly believed McSparran was an overall more qualified candidate, it was free to act on that belief. *Blise*, 409 F.3d at 867-68.

Accordingly, we AFFIRM the district court's grant of summary judgment.